Turley, J.
delivered the opinion of the court.
This is an appeal, on the part of the defendants, from a judgment in an ejectment, rendered at the February term, 1848, of the Circuit Court for the county of White. The appeal is granted without bond and security by order of the circuit judge, in the words following, viz : “ For reasons to the court shown, it is considered by the court, that the defendants be permitted to prosecute their appeal in the nature of a writ of error, granted them in this case as paupers and without giving security for the same.” Now the granting of appeals in forma pauperis, and without the bond and security required by statute in other cases, rest upon the construction, which has been given by the courts to the act of 1821, chap. 22, which provides as follows:—
Section 1. “The clerks of the different courts of record in this State, shall, on the application of any poor person, who shall take the oath hereinafter prescribed, issue any writ or writs original, or writs of subpoena, according to *366 the nature of his case, either in law or equity, without demanding security or pay, or reward for the same.”
Section 2. “Before any clerk shall issue the process mentioned in the above section, the said applicant shall take and subscribe before the clerk, and which shall be endorsed on the writ, the following oath, ‘ I do solemnly swear that owing to my poverty I am not able to bear the expenses of the law-suit, I am about to commence, and that I am justly entitled to a recovery from the defendant or defendants, to the best of my belief, an amount within the jurisdiction of the court, in which I am about to commence my said suit.’”
Now, though it be true, that a strict construction of the words of this affidavit, would confine it to suits commenced to recover judgments, and not to reverse them; yet. it has been held, and we think correctly, that the wording of the first section, is sufficiently broad, to cover the latter class of cases, as well as the first. The words of that section are, as we see, “ issue any writ or writs original.!’ At common law, a. writ of error is an original writ, and constitutes the foundation of a suit, to reverse an erroneous judgment, and if the practise stood as at common law, the party injured might, under this statute, sue out his original writ of error, to reverse the same, in forma pauperis. But by statute, this mode of proceeding in such cases at common law, has been changed, and an appeal in the nature of writ of error, substituted in its place, or, if such appeal be not prayed and allowed, by filing with the clerk of our court of errors and appeals, a copy of the record, and giving the adverse party five days notice thereof, the party injured by an erroneous judgment, may have the same, reviewed and' reversed, in *367 the same manner, as if be had brought his case up by an appeal in the nature of a writ, of error.
The practical operation of this change, is to abolish the writ of error, which now never issues. The form of proceeding, therefore, is changed, but nothing more; for whether the case be brought before the court of errors by appeal in the nature of a writ of error, or by filing a copy of the record — it is in substance still a suit prosecuted in that court, to reverse a judgment of an inferior court; and so it has always been considered. For the party seeking to reverse the judgment, becomes the plaintiff in the court of errors, and the opposite party, the defendant; and this without any regard to their relative positions in the court below.
If the writ of error were issued according to the common I aw practice, it would issue out of the office of the Supreme Court of the State, and under the provisions of the act of 1833, if the clerk of the court issued to one, claiming to sue it out in forma pauperis, he must endorse the affidavit on the writ. It would thus become a part of the record, subject to the inspection of the court which is to judge its validity.
But inasmuch as this writ never issues, this mode of making the affidavit part of the record, is impracticable, and inasmuch as a party injured by an erroneous judgment is not by this change of practice to be deprived of the benefit secured to him by the statute, his affidavit must be made a part of the record in some other practicable manner.
This is only to be done by filing the affidavit in the inferior court before the appeal in forma pauperis is granted; which affidavit becomes a part of the record to be certified to the Supreme Court of errors and appeals, •with the other papers, constituting the record; or, if the *368 record be filed in the Supreme Court for tbe purpose of having the judgment reversed, no appeal having been taken in the inferior court, by filing the affidavit in the office of the Supreme Court, when it becomes a part of the record in that court.
From this view of the case, it will be seen, that we do not think that this record shows that the appeal has been ■properly allowed. The record does not show that the pauper affidavit was made, without which the appeal could not be granted without bond and security. The circuit judge had no power to certify to this court, “ that for reasons to the court shown, it is considered, that the defendants be permitted to prosecute their appeal in the nature of a writ of error as paupers.”
No other reasons but those specified in the form of the affidavit by the statute, are allowable, and the affidavit must form a part of the record, in order that this court may judge whether these reasons existed.
For these reasons the appeal in the nature of a writ of error granted in this case - will be dismissed at the costs; of the defendants.